# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
*and Attorney-in-Chief*

Southern District of New York
*Jennifer L. Brown*
Attorney-in-Charge

DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 11-17-20

November 17, 2020

**By ECF**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

*The Government should respond to this letter by 11/23/20. So ordered.*
*John G. Koeltl / U.S.D.J.*
*11/17/20.*

Re:   United States v. Felix Camilo Polanco, 20 Cr. 599 (JGK)

Honorable Judge Koeltl:

    On November 10, 2020, Felix Camilo Polanco was indicted in the above-captioned case. The unusual circumstances of the indictment—that the grand jury was sitting in White Plains as opposed to Manhattan while many residents of the Southern District of New York were practicing social distancing and limiting their public interactions and engagements due to the COVID-19 pandemic—may have compromised Mr. Camilo Polanco's right to a grand jury selected from a fair cross-section of the community. Accordingly, through this letter, Mr. Camilo Polanco respectfully requests access to the records and papers used in connection with the constitution of the Master and Qualified Jury Wheels in the United States District Court for the Southern District of New York, pursuant to the Fifth and Sixth Amendments to the United States Constitution and the Jury Selection and Service Act ("JSSA"), 28 U.S.C. §§ 1867(a) and (f).

    Section 1867(f) of Title 28 of the United States Code allows a defendant to "inspect, reproduce, and copy... records or papers [used by the commission or clerk in connection with the jury selection process] at all reasonable times during the preparation and pendency of ... a motion" to challenge the composition of the jury on the ground that it failed to reflect a fair cross-section of the community. 28 U.S.C. §§ 1867(a), (f); *see also Test v. United States*, 420 U.S. 28, 30 (1975). Inspection of such materials is essential to a defendant's ability to determine whether he has a potentially meritorious challenge. *Id.* Therefore, "an unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross section of the community.'" *Id.* (quoting 28 U.S.C. § 1861(d)).

    In order to invoke the right to inspect under 28 U.S.C. § 1867(f) and "[t]o avail

United States v. Felix Camilo Polanco  
Hon. John G. Koeltl

November 17, 2020  
Page 2 of 3

himself of [the] right of access to otherwise unpublic jury selection records, a litigant need only allege that he [or she] is preparing a motion challenging the jury selection procedures." *United States v. Alden*, 776 F.2d 771, 773 (8th Cir. 1985) (internal citations omitted). Mr. Camilo Polanco is not required to make any showing with respect to probabilities of success of such a motion. *See, e.g., United States v. Williamson*, 903 F.3d 124, 133 (D.C. Cir. 2018); *United States v. Royal*, 100 F. 3d 1019, 1025 (1st Cir. 1996); *see also United States v. Gotti*, 2004 WL 2274712 (S.D.N.Y. 2004) (granting motion for discovery even absent any showing that information would reveal a violation).

Pursuant to § 1867(a), a defendant may raise a JSSA challenge "before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefore, whichever is earlier." *See* 28 U.S.C. § 1867(a). Although the Second Circuit Court of Appeals has not considered "what constitutes the timely filing of a motion pursuant to the JSSA related to the composition of a grand jury," some courts have determined that the statute requires an attempt to inspect grand jury records within seven days of the filing of an indictment. *See United States v. Saipov*, 17 Cr. 722 (VSB), 2020 WL 915808, at *2 (S.D.N.Y. Feb. 26, 2020) (citing cases from the Eleventh Circuit Court of Appeals, the Northern District of Florida, and the Western District of New York). Accordingly, I ask the Court to grant this timely request for inspection of records.

The records I seek should be duplicative of records produced by the Southern District Office of Jury Administration in response to a demand, similar to Mr. Camilo Polanco's, filed in *United States v. Balde*, 20 Cr. 281 (KPF). In *Balde*, the Government acknowledged that similar records requests had been filed in a number of other cases indicted in the Southern District since the start of the COVID-19 pandemic that would necessitate production of the same set of records: "To the extent the Government is ordered to produce all or some of the records produced in this case in other cases, the Government can facilitate those productions without further burdening the Jury Administrator or requiring that she make multiple, duplicative productions." *Balde*, 20 Cr. 281 (KPF), ECF No. 29. I therefore request, and anticipate that the Government will be able to provide me with, a copy of the same Jury Administration records produced in the *Balde* case. I also participated in and reviewed the transcript of a June 30, 2020 telephone conference in the *Balde* case, during which Judge Failla posed questions to Linda Thomas, the Southern District Jury Administrator. Much of the information shared during that call will bear on Mr. Camilo Polanco's indictment as well.

In addition, I request a copy of the Jury Administrator's supplemental records regarding the White Plains grand jury impaneled in January of 2019. Whereas the defendant in *Balde* was indicted by a grand jury impaneled in November 2019, the Government has informed me that Mr. Camilo Polano was indicted by a grand jury convened on January 9, 2019. The Office of Jury Administration has already

United States v. Felix Camilo Polanco
Hon. John G. Koeltl

November 17, 2020
Page 3 of 3

assembled records regarding this same January 2019 grand jury in several other cases, including *United States v. Miles Charles*, 20 Cr. 419 (VM), and *United States v. Damien Matthews*, 20 Cr. 430 (MKV). I therefore anticipate that the Government will be able to provide me with a copy of the supplemental records concerning the January 2019 grand jury, along with any cover letters or explanations from the Jury Administrator provided in the *Charles* and *Matthews* cases, without any additional burden to the Jury Administrator.

Once the jury records are obtained, I will be able to retain a statistician to analyze them and determine whether the Southern District's jury plan procedures violate the right of Mr. Camilo Polanco to a jury selected at random from a fair cross-section of the community. He will do so by comparing the grand jury records with appropriate contemporary census data. If the records, after meaningful review, reveal grounds for a challenge under § 1867(a), Mr. Camilo Polanco will raise one at that time.

Finally, I do not seek any personal identifying information for the individuals whose records are maintained by the jury clerk's office. As such, the full set of records should be provided in the manner I request. *See Saipov*, 2020 WL 915808 at *3 (granting similar request in full).

Respectfully submitted,

/s/ Ariel Werner
Ariel Werner
Assistant Federal Defender
(212) 417-8770

CC:   Assistant U.S. Attorney Benjamin Schrier